UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VERONICA M. JOHNSON,

        Plaintiff,

v.                                      ACTION NO. 2:17cv575

SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter comes before the Court on the Social Security Administration's ("the SSA") motion to dismiss, filed on January 19, 2018. ECF No. 7. An order of reference dated February 16, 2018 assigned this matter to the undersigned. ECF No. 17. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby recommended that the SSA's motion to dismiss be **GRANTED** and the complaint be **DISMISSED without PREJUDICE.**

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Veronica M. Johnson ("Johnson") obtained a judgment on February 26, 2016 in the Circuit Court for the City of Portsmouth against her ex-husband, Christopher Lee Johnson, for $83,500.00, plus costs and interest, for unpaid spousal support. *Johnson v. Johnson*, CL 11001492-00 (Va. Cir. Feb. 26, 2016). ECF No. 3-1 at 13. On October 5, 2017, the circuit court entered a garnishment order directing that, "the Garnishee, SOCIAL SECURITY

ADMINISTRATION, pay directly to Judgment Creditor, Veronica Moody-Johnson . . . 65 (sixty-five) percent of the regular monthly social security benefit if Judgment debtor, Christopher Lee Johnson is entitled to receive each month continuing until further order of this Court." *Johnson v. Johnson*, CL 17-3225 (Va. Cir. Oct. 5, 2017); ECF No. 3-1 at 15–16.

On October 16, 2017, the SSA sent a letter informing Ms. Johnson that "Mr. Johnson does not currently receive any Social Security Retirement, Survivors, or Disability insurance payments." ECF No. 3-1 at 7. Ms. Johnson wrote to the SSA on October 24, 2017, stating "Christopher Lee Johnson has a present (as distinguished from a future) unconditional right to receive a monthly payment [] from the Social Security Administration NOW. (Pursuant to 42 USC 659 and 42 USC 407)." ECF No. 3-1 at 1. The SSA responded with a second letter to Ms. Johnson, on October 31, 2017, stating that, "Mr. Johnson is not receiving a monthly benefit nor is he required by law to file for such a benefit. Therefore, your request for garnishment cannot be granted at this time." ECF No. 3-1 at 6.

On October 30, 2017, the SSA was served with a "Writ of Fieri Facias" from the Circuit Court for the City of Portsmouth directing the SSA to "levy upon the goods, chattels, current money, bank notes and real estate" of Christopher Lee Johnson. ECF No. 10-1 at 3–5. The sheriff's return specifies that the writ of *fieri facias* "placed [a] lien on future income." *Id.* at 5. The SSA responded with a third letter to Ms. Johnson on December 11, 2017, stating, "Mr. Johnson does not currently receive any Social Security Retirement, Survivors, or Disability insurance payments. The 'Writ of Fieri Facias' does not change our previous notification to the Spousal Support Withholding of Social Security Benefits Order #17-3225." ECF No. 10-1 at 1.

Ms. Johnson commenced this action on November 6, 2017, filing a motion for leave to proceed *in forma pauperis*, which was granted November 15, 2017. Ms. Johnson's *pro se*

2

complaint seeks a declaratory judgment against the SSA that requires the SSA "to immediately implement an administrative, involuntary commencement of the payment of the Social Security Insurance Benefit which spousal support judgment debtor Christopher L. Johnson has a current right to be paid. . . ." ECF No. 3 at 8.

On January 19, 2018, the SSA filed a motion to dismiss the complaint asserting the Court lacks subject matter jurisdiction. ECF No. 7.[1] Ms. Johnson filed an opposition to the motion to dismiss on February 2, 2018, and the SSA filed a reply on February 6, 2018. ECF Nos. 10, 14.[2] This matter is now ripe for decision.[3]

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to challenge a complaint on the ground that a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden to prove that the court has subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* In considering a motion to dismiss under Rule 12(b)(1), a court may consider evidence extrinsic to the complaint, such as the declaration and attachments to the SSA's memorandum in this case. *See Adams v. Bain*, 697 F.2d 1213,

---

[1] This motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Johnson with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 9.

[2] Ms. Johnson has filed two motions to compel production of documents, and a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. ECF Nos. 12, 15, and 18. These motions will be addressed in a separate order.

[3] Ms. Johnson filed a memorandum of law in support of her declaratory judgment action on March 26, 2018. ECF No. 22.

1219 (4th Cir. 1982).

A court must construe the pleadings of a *pro se* plaintiff liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); however, when considering a motion to dismiss, a court must evaluate the *pro se* plaintiff's pleadings according to the standards set forth in the Federal Rules of Civil Procedure. *T.W. v. Hanover Cty. Pub. Sch.*, 900 F. Supp. 2d 659, 663 (E.D. Va. 2012) (citation omitted). "[T]he Court may not act as the litigant's advocate and construct legal arguments that the plaintiff has not made." *Id.* (citing *Brock v. Carroll,* 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

### III.   ANALYSIS

The SSA argues that this Court lacks subject matter jurisdiction over Ms. Johnson's complaint, for the following two reasons:   (1) 42 U.S.C. § 659 does not create a federal right of action, and (2) the case is not ripe for review because the SSA cannot act pursuant to the state's garnishment order as Mr. Johnson does not receive, and is not required to file a claim for, social security retirement benefits. ECF No. 8 at 4–5. In her opposition to the motion to dismiss, Ms. Johnson asserts that she has a "'right', as a spousal support judgment creditor, to levy on her ex-spouse's Federal Social Security Insurance Entitlement Benefit even though the ex-spouse, . . . has not yet applied to commence payment of his benefit," and that the SSA's refusal to proceed pursuant to the levy constitutes a violation of her Fourteenth Amendment right to procedural due process. ECF No. 10 at 1–2, 5.

Title 42, United States Code, section 659, entitled "Consent by United States to income withholding, garnishment, and similar proceedings for enforcement of child support and alimony obligations," waives sovereign immunity allowing federal agencies to honor state court

garnishment orders for the enforcement of child and spousal support,[4] but does not create a federal cause of action.   The federal government and federal government agencies, like the SSA, may not be sued without the government's consent, which is given when the government waives sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").   Sovereign immunity must be waived before the court has jurisdiction. *Id.* ("Sovereign immunity is jurisdictional in nature.")   "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).

Although 42 U.S.C. § 659 allows federal agencies to honor state court garnishment orders, it does not provide an avenue for bringing suit in federal court against federal agencies. *Stephens v. U.S. Dep't of Navy*, 589 F.2d 783, 783 (4th Cir. 1979) (This statute "merely waives the defense of sovereign immunity to state proceedings, while not creating a federal cause of action.").   In *Stephens*, the Fourth Circuit upheld the district court's finding that it lacked jurisdiction over a wife's complaint against the Navy for failing to garnish her former husband's

---

[4] Section 659(a) provides:

> Notwithstanding any other provision of law (including section 407 of this title and section 5301 of Title 38), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the Armed Forces of the United States, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.

pay pursuant to a state court judgment, holding that 42 U.S.C. § 659 does not create a federal cause of action. *Id.; see also Jacobson v. United States*, No. CIVA08-1970(MLC), 2008 WL 4126287, at *4 (D.N.J. Aug. 29, 2008) (finding 42 U.S.C. § 659 does not create a federal cause of action and dismissing federal action to enforce state court garnishment order without prejudice to reinstate in state court); *Eichenholz v. U.S. Dep't of Veterans Affairs*, 765 F. Supp. 630, 630 (C.D. Cal. 1991) (finding 42 U.S.C. § 659 does not create a federal cause of action and remanding action to state court due to lack of jurisdiction where husband sought to quash a state garnishment order that resulted in the Department of Veterans Affairs garnishing his wages for spousal support). Accordingly, 42 U.S.C. § 659 does not create a federal cause of action, and this Court lacks jurisdiction over Ms. Johnson's complaint.

In addition, the garnishment order at issue in this case directs the SSA to pay Ms. Johnson "65 (sixty-five) percent of the regular monthly social security benefit **if** Judgment debtor, Christopher Lee Johnson is entitled to receive each month continuing until further order of this Court." ECF No. 3-1 at 15–16 (emphasis added). Ms. Johnson argues that, pursuant to the writ of *fieri facias*, she has a "'right', as a spousal support judgment creditor, to levy on her ex-spouse's Federal Social Security Insurance Entitlement Benefit even though the ex-spouse, . . . has not yet applied to commence payment of his benefit." ECF No. 10 at 1–2. Ms. Johnson is attempting to use the writ of *fieri facias* to force Mr. Johnson to make a claim for social security benefits now, as opposed to merely placing a lien on future benefits he may receive. The Court is unaware of any law authorizing either the Court or the SSA to force Mr. Johnson to file for such benefits. The SSA cannot act on the garnishment and writ of *fieri facias* until such future time that Mr. Johnson files for social security benefits. As a result, this Court further lacks subject matter jurisdiction, because the case is not ripe for review. *See Texas v. United States*,

523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted); *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013) (stating that a case must be ripe before a district court has subject matter jurisdiction).

Accordingly, Ms. Johnson's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends that the SSA's motion to dismiss, ECF No. 7, be **GRANTED** and this case be **DISMISSED without PREJUDICE.**

## V.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.  A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 2, 2018

8