UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



VERONICA M. JOHNSON,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civil No. 2:17-cv-575

## FINAL ORDER

Plaintiff Veronica M. Johnson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 659(a) seeking to enforce a state court garnishment order against the Social Security Administration ("SSA") and requesting that this Court compel the SSA to pay her sixty-five percent of her former husband's alleged right to a monthly social security retirement benefit. ECF No. 3. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and the Local Rules, this matter was referred to a United States Magistrate Judge for a Report and Recommendation ("R&R"). ECF No. 17.

In the R&R filed on April 2, 2018, the Magistrate Judge concluded that this Court lacks subject matter jurisdiction. ECF No. 23. Accordingly, the Magistrate Judge recommended granting the SSA's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 7) and dismissing the case without prejudice. ECF No. 23 at 7.

By copy of the Report, each party was advised of the right to file written objections to the finds and recommendations made by the Magistrate Judge. *Id.* The Court has received Plaintiff's timely Objections to the Magistrate Judge's R&R (ECF No. 25), as well as the SSA's Response (ECF No. 26).

1

I.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* any part of the Magistrate Judge's recommendation to which a party has properly objected. *See also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . .").

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to challenge a complaint on the basis that a court lacks subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*

II.  BACKGROUND

On February 26, 2016, Plaintiff obtained a judgment in Portsmouth City Circuit Court against her former husband, Christopher Lee Johnson, for $83,500.00, plus costs and interest, for unpaid spousal support. *See* ECF No. 3-1 at 13. On October 5, 2017, the Circuit Court entered a garnishment order directing that the SSA pay directly to Plaintiff sixty-five percent of the regularly monthly social security benefit "if [Mr. Johnson] is entitled to receive [such benefits,] each month continuing until further order of this Court." *Id.* at 15–16. On October 16, 2017, the SSA sent Ms. Johnson a letter informing her that Mr. Johnson was not receiving any form of "Social Security Retirement, Survivors, or Disability insurance payments." *Id.* at 7. Ms. Johnson replied by stating that her ex-husband had "a present . . . unconditional right to receive a monthly payment [] from the Social Security Administration NOW . . . ." *Id.* at 1 (emphasis in original). The SSA responded by informing her that her request for garnishment could not be

fulfilled at the time because Mr. Johnson was not receiving a monthly benefit "nor is he required by law to file for such benefit." *Id.* at 6. On October 30, 2017, the Circuit Court served on the SSA a "Writ of Fieri Facias" directing the SSA to "levy upon the goods, chattels, current money, bank notes and real estate" of Mr. Johnson. ECF No. 10-1 at 3–5. The Sheriff's return notes that the writ "placed [a] lien on future income." *Id.* at 5. On December 11, 2017, the SSA sent another letter to Ms. Johnson noting that Mr. Johnson was not currently receiving any Retirement, Survivors, or Disability insurance payments, and that the writ did not change the SSA's previous notification. ECF No. 10-1 at 1.

On November 6, 2017, Ms. Johnson filed this action pursuant to 42 U.S.C. § 659. Her Complaint seeks a declaratory judgment against the SSA requiring the SSA to immediately commence the payment of Social Security insurance benefits "which spousal support judgment debtor [Mr. Johnson] has a current right to be paid . . . ." ECF No. 3 at 8. The SSA then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 1.

As reviewed above, the Magistrate Judge's R&R recommended that the Motion to Dismiss be granted and the Complaint be dismissed without prejudice. ECF No. 23 at 7. Plaintiff's filed Objections to the Magistrate Judge's R&R (ECF No. 25), to which the SSA filed a Response (ECF No. 26). It appears that Plaintiff objects generally to the Magistrate Judge's R&R, arguing that the "[Fourteenth] Amendment due process clause [of the United States Constitution protects Plaintiff] from having to wait to enforce her spousal support judgment" until Mr. Johnson applies for Social Security benefits. ECF No. at 25 at 14.

III. ANALYSIS

As the R&R correctly recognized, 42 U.S.C. § 659 waives the sovereign immunity of federal agencies in order to honor state court garnishment orders for the provision of child support and alimony. 42 U.S.C. § 659(a). However, § 659 provides neither a federal cause of

3

action nor an avenue for bringing suit in federal court against federal agencies. *See Stephens v. U.S. Dep't of Navy*, 589 F.2d 783, 783 (4th Cir. 1979) ("Section 659 . . . does not confer federal jurisdiction. . . . And jurisdiction does not lie under 28 U.S.C. § 1346(a)(2) since § 659 merely waives the defense of sovereign immunity to state proceedings, while not creating a federal cause of action."). Because § 659 does not create a federal cause of action, this Court lacks jurisdiction over Plaintiff's Complaint.

Furthermore, the Circuit Court's garnishment order directed the SSA to pay Plaintiff a percentage of Mr. Johnson's social security benefits "if Judgment debtor, Christopher Lee Johnson[,] is entitled to receive" such benefits. ECF No. 3-1 at 15–16. The SSA cannot act on the Circuit Court order until Mr. Johnson files for benefits from the SSA. As the R&R correctly recognized, "[t]he Court is unaware of any law authorizing either the Court or the SSA to force Mr. Johnson to file for such benefits." ECF No. 23 at 6. Accordingly, the Court lacks subject matter jurisdiction because the case is not yet ripe for review. *Texas v. United States*, 523 U.S. 296, 300 (1998) (recognizing that a claim is not ripe for review if it rests on future events that may not occur as expected or at all).

For the reasons outlined above, this Court lacks subject matter jurisdiction over Plaintiff's Complaint, which must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Furthermore, to the extent Plaintiff contends that the SSA's actions violate the Fourteenth Amendment, the SSA is immune from suit for any alleged constitutional violation. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). To the extent the Plaintiff objects to the Magistrate Judge's denial of her Motion for Sanctions and Motion to Compel, *see* ECF No. 24,

such denial was proper because this Court lacks of subject matter jurisdiction over Plaintiff's case. Accordingly, the Magistrate Judge's analysis does not contain errors warranting reversal.

IV. MOTION TO AMEND

On June 26, 2018, Plaintiff also filed a Motion to Amend. ECF No. 27. Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its complaint once, "as a matter of course," within 21 days after the service of a motion brought pursuant to Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's Motion to Amend was not filed within 21 days after the January 19, 2018 Motion to Dismiss (ECF No. 7), and cannot be granted as a matter of course.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[i]n all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If a proposed amendment would be futile, however, the court should deny the motion to amend. *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006).

Plaintiff's proposed amendment would be futile. As explained in the R&R filed on April 2, 2018, the Court lacks subject matter jurisdiction over Plaintiff's claims because (1) sovereign immunity shields the SSA form Plaintiff's 14th Amendment claims; (2) 42 U.S.C. §659 does not create a federal cause of action; and (3) the case is not ripe for review as Mr. Johnson has not yet claimed his social security benefits, against which Plaintiff has a claim for unpaid spousal support. Accordingly, Plaintiff's Motion to Amend must be denied.

V. CONCLUSION

Following this Court's *de novo* review of the R&R filed on April 2, 2018, and of the objection filed thereto, and finding no errors, the Court ADOPTS AND APPROVES in full the findings and recommendations set forth in the R&R. ECF No. 23. Accordingly, the SSA's

5

Motion to Dismiss for Lack of Jurisdiction (ECF No. 7) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE. Furthermore, for the reasons stated herein, Plaintiff's Motion to Amend (ECF No. 27) is DENIED.

The parties are ADVISED that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is REQUESTED to forward a copy of this Order to all parties.

IT IS SO ORDERED.

/s/
Arenda L. Wright Allen
United States District Judge

Aug 2nd, 2018
Norfolk, Virginia

